IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDELL ALLEN MENEFIELD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-137-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner RANDELL ALLEN MENEFIELD challenging the constitutional legality or validity of his state court conviction and sentence [ECF 3]. For the following reasons, petitioner's habeas application should be DISMISSED.

I.
STATEMENT OF THE CASE

Petitioner was previously charged in Gray County, Texas with the 2nd degree felony offense of possession of a controlled substance. *State v. Menefield*, No. 8,144. [ECF 7 at 2-4]. On June 11, 2012, the 223rd District Court found petitioner to be qualified for community service and deferred further proceedings without making a finding of guilt or rendering judgment. [*Id.*] Instead, the state trial court issued an order placing petitioner on community supervision for a period of five (5) years and assessing a fine of $1,000. [*Id.*]

The State subsequently filed a motion and amended motion to adjudicate guilt alleging

petitioner failed to comply with the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. [*Id*.] On September 24, 2018, the trial court found petitioner violated certain terms and conditions of his community supervision and granted the State's amended motion to adjudicate petitioner's guilt. As a result, the trial court found petitioner committed the 2nd degree offense of possession of a controlled substance as alleged in the Indictment, adjudged petitioner guilty of that offense, and assessed a sentence of five (5) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. The *Judgment Adjudicating Guilt* entered September 24, 2018, was signed the same date. [*Id*.]. Petitioner did not file a direct appeal of the determination to adjudicate, or his conviction and sentence.

On June 17, 2019, petitioner placed the instant federal application for habeas corpus in the prison mail system, said application being received by the Court and file-stamped on July 1, 2019. [ECF 3]. On September 23, 2019, respondent filed an answer arguing petitioner's federal habeas application should be dismissed without prejudice for failure to exhaust state court remedies. [ECF 12]. On October 10, 2019, petitioner filed a reply to respondent's answer wherein he appears to argue either that he has exhausted his state court remedies, or that he should be excused from the requirement to exhaust state court remedies before pursuing federal habeas relief, because he could not file a direct appeal of the state trial court's September 24, 2018 *Judgment Adjudicating Guilt*. [ECF 14].

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied the right to appeal his *Judgment Adjudicating Guilt*/ conviction;

    2.      Petitioner was denied the right to confront witnesses during the hearing on the motion to proceed to an adjudication of guilt;

    3.      Petitioner was convicted upon perjured testimony, and

    4.      Petitioner's conviction is in violation of the prohibition against double jeopardy.

Petitioner's claims do not concern his original guilty plea proceeding or the initial entry of the June 11, 2012 order placing petitioner on deferred adjudication community supervision. Instead, petitioner's claims challenge the trial court's 2018 order adjudicating petitioner's guilt and assessing a 5-year sentence for said conviction. Petitioner indicates he is seeking the following relief: a public apology, compensation for lost wages, the replacement of all possessions lost, and his immediate release from custody.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)    . . .

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present each constitutional claim he wishes to assert in his federal habeas petition to the **highest** state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

In his response to respondent's answer, petitioner appears to argue either that he is excused from the exhaustion requirement, or that he has fully exhausted his state court remedies, because he could not file a direct appeal of the state trial court's *Judgment Adjudicating Guilt*. Petitioner cites the Court to article 42.12 § 5(b) of the Texas Code of Criminal Procedure which, prior to its repeal, stated there was no appeal from a determination to proceed with an adjudication of guilt. Effective January 1, 2017, however, state law provides:

> The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred.

Tex. Code Crim. Proc. art. 42A.108(b). A revocation of community supervision under article 42A.751(d) is reviewable in the following manner:

> When the defendant is notified that the defendant's community supervision is revoked for a violation of the conditions of community supervision and the defendant is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, the defendant may appeal the revocation.

Tex. Code Crim. Proc. art. 42A.755(e). Consequently, when the state trial court, on September 24, 2018, revoked petitioner's community supervision, adjudicated petitioner guilty of the original charged offense, and sentenced petitioner to five (5) years imprisonment for his conviction, petitioner had a right to appeal the *Judgment Adjudicating Guilt. Cf. Guerrero v. State*, 554 S.W.3d 268 (Tex.App.–Houston [14th] 2018) (a defendant's right to appeal adjudication after originally entering into a plea bargain for deferred adjudication community supervision is restricted only when specifically referenced in the original plea). Petitioner, however, failed to do so. Petitioner is not excused from the requirement to exhaust state court remedies, nor has he met the exhaustion requirement, due to a prohibition to directly appeal the adjudication of guilt.

As Exhibit B to her answer, respondent has submitted a September 13, 2019 affidavit from the Clerk's Office of the Texas Court of Criminal Appeals attesting that court has not received an "11.07 post-conviction writ of habeas corpus, under trial court cause number 8144, in the name of

Randall Allen Menefield."  Also, as reflected by the Texas Judicial Branch online website and as acknowledged by his various pleadings, petitioner did not file an appeal of his adjudication followed by a petition for discretionary review to the Texas Court of Criminal Appeals.  Based upon petitioner's federal habeas application and response to the Court's briefing order, the affidavit from the Clerk of the Court of Criminal Appeals, and the current online court information, it does not appear that petitioner has presented his claims to the Texas Court of Criminal Appeals either by way of a petition for discretionary review after an affirmance of his conviction on direct appeal at the state intermediate appellate court, or by a collateral state habeas corpus application challenging the constitutionality of his state court conviction.  Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claims.  Consequently, petitioner's claims have not been exhausted, and his federal habeas petition is subject to summary dismissal in order that petitioner may present his claims to, and obtain a ruling by, the Texas Court of Criminal Appeals.  Only after the state court proceedings are concluded and the claims fully exhausted may petitioner raise his claims in this Court by way of a federal petition pursuant to 28 U.S.C. § 2254.  Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RANDELL ALLEN MENEFIELD be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED October 11, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).